UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------
MARTIN B.M.,

Plaintiff,

DECISION AND ORDER
1:25-cv-07303-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
---------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In September of 2021, Plaintiff Martin B.M.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Ny Disability, LLC, Daniel Berger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8).

This case was referred to the undersigned on July 30, 2026. Presently pending is Plaintiff's Motion for Judgment on the Pleadings

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 14). For the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on September 30, 2021, alleging disability beginning March 1, 2020. (T at 91, 101-103, 484-97).[2] Plaintiff's applications were denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on March 23, 2023, before ALJ Seth Grossman. (T at 64-81). Plaintiff appeared with an attorney and testified with the assistance of an interpreter. (T at 67-73). The ALJ also received testimony from Joseph Atkinson, a vocational expert. (T at 75-80).

The ALJ issued a decision on April 19, 2023, denying the applications. (T at 131-50). The Social Security Appeals Council granted Plaintiff's request for review and remanded for further proceedings on February 8, 2024. (T at 151-57).

A second hearing was held before ALJ Grossman on July 10, 2024. (T at 38-63). Plaintiff appeared with an attorney and testified with the

[2] Citations to "T" refer to the administrative record transcript at Docket No. 11.

assistance of an interpreter. (T at 42-48). The ALJ also received testimony from Dr. Ronald Koenig, a medical expert, and Richard Hall, a vocational expert. (T at 48-51, 53-58).

*B. ALJ's Decision*

On September 10, 2024, the ALJ issued a second decision denying the applications for benefits. (T at 16-37). The ALJ found that Plaintiff had not engaged in substantial gainful activity since March 1, 2020 (the alleged onset date) and met the insured status requirements of the Social Security Act through March 31, 2021 (the date last insured). (T at 25).

The ALJ concluded that Plaintiff's degenerative disc disease was a severe impairment as defined under the Act. (T at 25). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 25).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can stand and/or walk for 4 hours in an 8-hour workday; needed the option to sit for 5 minutes after 45 minutes of standing or walking; and needed the

option of standing or walking for 5 minutes after sitting for 45 minutes. (T at 26).

The ALJ found that Plaintiff had no past relevant work. (T at 29). Considering Plaintiff's age (45 on the alleged onset date), education (limited), work experience (no past relevant work), and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 29).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 1, 2020 (the alleged onset date) and September 10, 2024 (the date of the ALJ's decision). (T at 30-31).

On July 9, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's second decision the Commissioner's final decision. (T at 1-8).

*C. Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on September 3, 2025. (Docket No. 1). On April 1, 2026, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 14, 15). The Commissioner interposed a brief in opposition to the motion on June 15, 2026. (Docket No. 19).

## II. APPLICABLE LAW

### *A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

> considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not “listed” in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises three main arguments in support of his request for reversal of the ALJ's decision. First, he challenges the ALJ's step two analysis. Second, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC

determination. Third, Plaintiff contends that the ALJ erred in discounting his subjective complaints. The Court will address each argument in turn.

*A. Step Two Analysis*

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, coworkers and usual work situations." *Gibbs v. Astrue*, No. 07-Civ-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l) (5).

Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y.1995). Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a

'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" *Rosario v. Apfel*, No. 97-CV-5759, 1999 WL 294727 at *5 (E.D.N.Y. March 19,1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987)).

As noted above, the ALJ concluded that Plaintiff's degenerative disc disease was a severe impairment. (T at 25). The ALJ recognized other medically determinable impairments, including evidence of mild degenerative changes in Plaintiff's right wrist, but found that these impairments were non-severe. (T at 25).

Plaintiff argues that the ALJ erred in assessing the severity of his right wrist impairment.

Plaintiff says, correctly, that the ALJ did not provide an in-depth analysis regarding this impairment.

For the following reasons the Court, however, finds no reversible error in this aspect of the ALJ's decision. *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013)("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits us to glean the rationale of an ALJ's decision.'")(quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

First, the ALJ specifically recognized the evidence of Plaintiff's right wrist pain, discussed the injury that gave rise to it (a fracture that occurred almost two years prior to the alleged onset date), reviewed the treatment Plaintiff received, and considered Plaintiff's complaints of pain and limitation in his wrist. (T at 25, 27).

Second, the ALJ's conclusion that Plaintiff's wrist impairment is non-severe is supported by the medical opinion evidence.

Dr. Silvia Aguiar performed a consultative examination in August of 2022. She found Plaintiff's hand and finger dexterity intact, with 4/5 grip strength bilaterally, and reported that Plaintiff could zip, button, and tie bilaterally. (T at 743). Dr. Aguiar noted Plaintiff's history of right wrist injury and opined that Plaintiff had mild to moderate limitation with respect to, *inter alia*, heavy lifting and carrying, but did not assess any manipulative or other limitations regarding Plaintiff's wrist. (T at 743).

Dr. J. Sharif-Najafi, a non-examining State Agency review consultant, opined that Plaintiff had no limitation with respect to handling, fingering, or feeling bilaterally. (T at 126-27).

Dr. Ronald Koenig, an impartial medical expert, reviewed the record and testified at the July 2024 administrative hearing. He opined that Plaintiff could meet the demands of light work and did not assess any

limitations specifically related to Plaintiff's wrist. (T at 50-51). Counsel declined the opportunity to cross-examine Dr. Keonig. (T at 51).

Lastly, any arguable step two error regarding Plaintiff's wrist impairment was harmless. The ALJ found that Plaintiff had severe impairments within the meaning of the Social Security Act and completed the sequential analysis. (T at 25-29). The ALJ expressly stated that he had considered all of Plaintiff's medically determinable impairments, including the non-severe impairments, when formulating the RFC determination. (T at 25).

For these reasons the Court thus finds no reversible error in the ALJ's step two analysis. *See Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013)("Because these conditions were considered during the subsequent steps, any error was harmless.")(citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir.2010) (finding harmless error because ALJ's consideration of a doctor's report would not have changed the overall adverse determination)).

*B. Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013

WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence

from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, the ALJ found the opinions of Dr. Aguair, Dr. Sharif-Najafi, and Dr. Koenig generally persuasive. (T at 28-29).

Plaintiff says that the ALJ's RFC determination is not entirely consistent with any of the medical opinions.

It is well-settled, however, that the ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the overall assessment is supported by substantial evidence and consistent with applicable law. *Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

Further, ALJs are not required to "reconcile every conflicting shred of medical testimony," *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981), provided they discuss the evidence and factors "crucial" to the disability determination with "sufficient specificity to enable [this Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)(citing *Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d Cir. 1983)).

Here, the ALJ found Plaintiff somewhat more restricted than Dr. Koenig, incorporating additional limitations to account for Plaintiff's reported pain. (T at 28-29). *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

In addition, although Dr. Aguair assessed mild to moderate limitation in Plaintiff's ability to bend, crouch, perform heavy lifting and carrying, and engage in prolonged standing, walking, and sitting (T at 743), such limitations are not inconsistent with the ability to perform a reduced range

of light work. *See Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)("Moreover, a number of courts have found that 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work.")(collecting cases); *see also Guzman v. Comm'r of Soc. Sec.*, No. 21-CV-6538 (KHP), 2022 WL 3013108, at *6 (S.D.N.Y. July 29, 2022); *Katherine R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01055-MJR, 2021 WL 5596416, at *5 (W.D.N.Y. Nov. 30, 2021)("[C]ourts within this Circuit have consistently held that mild and moderate limitations, such as those assessed by Dr. Liu, are consistent with an RFC for light work.").

Plaintiff offers an alternative reading of the record and a different assessment of the medical opinions.

However, for the reasons discussed above, the Court finds the ALJ's decision supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The

substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.”)(emphasis in original) (citation and internal quotation marks omitted).

*C. Subjective Complaints*

A claimant’s subjective complaints of pain and limitation are “an important element in the adjudication of [social security] claims and must be thoroughly considered in calculating the [RFC] of a claimant.” *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, “the ALJ is … not required to accept the claimant’s subjective complaints without question.” *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted).

Rather, the ALJ “may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record.” *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) (“The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and ‘to arrive at an independent judgment, in light of medical findings and other

evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184. This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and

aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: he cannot perform prolonged sitting or standing; can lift and carry no more than 10 pounds, has problems moving his right wrist and hand; spends up to 6 hours per day in bed; and needs assistance with household chores. (T at 45, 48, 68-70).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that Plaintiff's statements as to the intensity, persistence, and

limiting effects of those symptoms were not entirely consistent with the record. (T at 27).

The ALJ's assessment is supported by substantial evidence and consistent with applicable law.

As discussed above, the ALJ's conclusion that Plaintiff retained the RFC to perform a reduced range of light work is supported by a reasonable reading of the record and appropriate consideration of the medical opinion evidence.

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

While the record reflects that Plaintiff suffers from pain and limitation the ALJ did not dismiss Plaintiff's subjective complaints and, instead, found him limited to a reduced range of light work. (T at 26).

However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment notes, imaging results, and clinical assessments; an appropriate reconciliation of the medical opinion evidence; and proper consideration of the activities of daily living.

This is sufficient to sustain the disability determination under the deferential standard of review applicable here. *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: August 19, 2026

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge